FILED

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Sorush Moghadam

2013 MAY 14 PM 1: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SORUSH MOGHADAM, | Case No.: SA CV13 - 00768 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| CONSUMER PORTFOLIO SERVICES, INC., | I.  THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788-1788.32; AND, |
| Defendant. | II. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ |
| | **JURY TRIAL DEMANDED** |

///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. SORUSH MOGHADAM ("Plaintiff"), by Plaintiff' attorneys, brings this action to challenge the actions of CONSUMER PORTFOLIO SERVICES, INC. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff counsel, which Plaintiff allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and, 15 U.S.C. § 1692k; and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

9. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and, (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducts business within the State of California.

///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## PARTIES

13. Plaintiff is all natural persons who reside in the City of Lake Forest, County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant is a company operating from the State of Delaware.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## FACTUAL ALLEGATIONS

20. Sometime before November 2012, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before November 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before November 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. As a result, Plaintiff has received numerous telephone calls per day from Defendant regarding the alleged debt.   These telephone calls were "communications" as 15 U.S.C. § 1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

26. On or about November 21, 2012; December 21, 2012; January 24, 2013; and, February 21, 2013, Defendant caused to be sent via U.S. Mail written communications attempting to collect an alleged debt from Plaintiff.

27. Said written communications each state that Plaintiff allegedly owed Defendant varying principal balances.   However, these amounts were conditioned with the following caveat: "Please call 1-88-469-4520 for your payoff amount. Your payoff amount is different than your principal balance, as the principal balance does not include interest."

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

28. Said principal amount reflected on Defendant's written communications constitutes a violation of 15 U.S.C. § 1692e since the amount is false, deceptive and misleading. Based upon these letters, Plaintiff is unable to determine the precise amount of Plaintiff's alleged debt and is explicitly told the alleged debt is inaccurately stated in each written communication. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect an invalid debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect an invalid debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

33. Furthermore, Defendant's written correspondences state that "[a] $15.00 Fee will be assessed on all Returned Checks." However, Plaintiff's contract with the original creditor does not state that such a Returned Check Fee is a

1  recoverable amount.

2  34. As discussed above, Defendant's attempt to collect an invalid debt from
3      Plaintiff constitutes a violation of 15 U.S.C. §§ 1692e; 1692e(2)(A);
4      1692e(10); 1692f; and, 1692f(1). These sections are incorporated into the
5      RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated
6      Cal. Civ. Code § 1788.17. As stated above, said conduct also violates Cal.
7      Civ. Code § 1788.13(e).

8  35. Through this conduct, Defendant violated Cal. Civ. Code § 1788.13(e) by
9      falsely representing that Plaintiff's alleged debt may be increased by the
10     addition of a Returned Check Fee since said Fee could not be legally added to
11     Plaintiff's alleged debt.

12 36. Furthermore, Defendant's written communications state the following:

14         Credit Reporting Disputes: If you believe we reported incorrect
           or incomplete information about you, write us at:

16         CPS, Inc. – Attn: Credit Report Responses Team
           PO Box 57071
17         Irvine, CA 92619

19         Please tell us why you believe it is incorrect or incomplete and
           provide any evidence you may have.

21 37. Defendant's statements regarding the procedures by which Plaintiff was
22     required to dispute an inaccurate mark on Plaintiff's credit report are contrary
23     to the procedures establish by the Fair Credit Reporting Act, 15 U.S.C. §
24     1681, et seq. ("FCRA"). Specifically, a consumer is required to dispute an
25     inaccurate mark on the consumer's credit report direct to the Credit Reporting
26     Agency where the mark is present. Thereafter, the Credit Reporting Agency
27     forwards the consumer's dispute to the Reporting Party who is then required
28     to conduct a reasonable investigation into the matter.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

38. Defendant's statements are likely to mislead or confuse the least sophisticated consumer intending to remove inaccurate information from said consumer's credit report since a dispute transmitted directly to Defendant does not obligate Defendant to comply with the terms of the FCRA. As such, Defendant would be permitted to continue to report inaccurate information to a consumer's credit report without the threat of FCRA liability.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations with regard to the proper procedures for disputing an inaccurate mark on one's credit report. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violated Cal. Civ. Code § 1788.17.

41. Furthermore, Defendant's written communications state the following:

> **BANKRUPTCY**
> In the event that a party on the contract filed for bankruptcy protection please send your case notification to Asset Recovery Dept., Attn: Bankruptcy, P.O. Box 57071, Irvine, CA 92619-7071 or call 800-342-9248.

42. Through this conduct, Defendant violated Cal. Civ. Code § 1788.14(a) by requiring an affirmation from debtor a who has been adjudicated a bankrupt, of a consumer debt which has been discharged in such bankruptcy, without clearly and conspicuously disclosing to the debtor, in writing, at the time such affirmation is sought, the fact that the debtor is not legally obligated to make such affirmation.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

43. Furthermore, between January 2013 and April 2013, Defendant has initiated repeated telephonic communications to Plaintiff's place of employment despite being informed by Plaintiff and Plaintiff's co-workers that Plaintiff's employer prohibits such communications. Such conduct constitutes a violation of 15 U.S.C. § 1692c(a)(3). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant participated in communications with Plaintiff concerning the alleged debt. Consequently, Defendant has violated 15 U.S.C. §§ 1692c(a)(3); 1692e; 1692e(2)(A); 1692e(10); 1692f; and, 1692f(1). In addition, Defendant has violated Cal. Civ. Code §§ 1788.14(a); and, 1788.17.

**CAUSE OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

[Against All Defendants]

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

# COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

[Against All Defendants]

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendants individually;

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,
- any and all relief this Court deems just and proper.

Dated: April 29, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 29, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

COMPLAINT FOR DAMAGES

PAGE 11 OF 11